UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MELVIN R. DOUGLAS,

               Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

1:19-cv-15491-NLH

**MEMORANDUM OPINION & ORDER**

**APPEARANCES:**

MELVIN R. DOUGLAS
1460 PARK BLVD
CAMDEN, NJ 08103

    *Plaintiff appearing pro se*

MAIJA PELLY DIDOMENICO
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
300 SPRING GARDEN STREET
PHILADELPHIA, PA 19147

    *On behalf of Defendant*

**HILLMAN, District Judge**

WHEREAS, on July 17, 2019, Plaintiff, Melvin R. Douglas, appearing *pro se*, filed his complaint pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), against Defendant, the Commissioner of Social Security, regarding Defendant's denial of Plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the

Social Security Act, 42 U.S.C. § 401, et seq.; and

WHEREAS, in accordance with L. Civ. R. 9.1(c), Defendant timely filed the administrative record, which constituted Defendant's answer, on December 4, 2019; and

WHEREAS, and within 14 days of Defendant's answer, Plaintiff was required to file his "statement setting forth [his] primary contentions or arguments as to why [he] believes that he . . . is entitled to benefits," L. Civ. R. 9.1(d)(1); but

WHEREAS, as of March 23, 2020, Plaintiff had failed to file his statement of primary contentions; and

WHEREAS, the Court issued an order to show cause as to why Plaintiff's complaint should not be dismissed for lack of prosecution; and

WHEREAS, because Plaintiff timely filed a response to the Court's Order [Docket No. 16], which the Court construed to constitute his statement of primary contentions, on August 18, 2020, the Court ordered Defendant to file a response within 30 days pursuant to L. Civ. R. 9.1(d)(2), and thereafter Plaintiff was to file his brief within 30 days in accordance with L. Civ. R. 9.1(e)(1) [Docket No. 17]; and

WHEREAS, on September 1, 2020, Defendant timely filed his response pursuant to L. Civ. R. 9.1(d)(2), thus causing Plaintiff's L. Civ. R. 9.1(e)(1) brief to be due on October 1,

2

2020; and

WHEREAS, on October 8, 2020, this Court issued a second order to show cause as to why Plaintiff's complaint should not be dismissed for lack of prosecution; and

WHEREAS, Plaintiff's response was due on October 23, 2020, but to date, Plaintiff has failed to file his response and he has not otherwise contacted the Court; and

WHEREAS, in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Third Circuit outlined the following factors that should be considered prior to dismissing a case: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense; and

WHEREAS, the Court finds that Plaintiff's failure to comply with L. Civ. R. 9.1(e)(1) and to respond to the Court's most recent Order demonstrates: (1) Plaintiff is personally responsible for his inaction as he is acting *pro se*; (2) Defendant is prejudiced by a civil action pending against him that Plaintiff fails to prosecute; (3) other than filing his

3

complaint on July 17, 2019 and sending in a response to the Court's first order to show cause on April 8, 2020, Plaintiff has failed to contact the Court or otherwise appear in this action since that time; (4) it appears that Plaintiff's inaction is intentional, as there is no indication that this Court's second order to show cause was not successfully transmitted to Plaintiff, particularly because Plaintiff responded to the first order to show cause which was sent to the same address; (5) no sanction other than dismissal would be effective based on Plaintiff's failure to respond to this Court's Order or Plaintiff's failure to pursue his case; and (6) without Plaintiff complying with Local Civil Rule 9.1, this Court cannot assess the merit of Plaintiff's case; and

WHEREAS, this Court finds that the Poulis factors weigh in favor of dismissing Plaintiff's complaint;

THEREFORE,

IT IS on this    12th    day of  November  , 2020

ORDERED that Plaintiff's complaint is DISMISSED without prejudice for his failure to comply with Local Civil Rule 9.1 and for Plaintiff's failure to otherwise prosecute his case.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

4